1

2

3

4

5

6

7

8

9

The Honorable John H. Chun

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

11

12

13

14

15

16

LYNESHA COOK, an individual,

Plaintiff,

v.

LOUIS DEJOY, POSTMASTER GENERAL
OF THE UNITED STATES POSTAL
SERVICE,

Defendant.

Case No. 2:21-cv-01651-JHC

STIPULATED PROTECTIVE ORDER

**Noted for Consideration:**
May 16, 2023

17

## 1.   PURPOSES AND LIMITATIONS

18

19

20

21

22

23

24

25

26

27

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. The government anticipates that documents pertaining to individuals in a "system of records," as defined by the Privacy Act, 5 U.S.C. § 552a(a)(5) (the "Privacy Act"), disclosure of which would potentially constitute a violation of criminal and civil law under § 552a(b) of the Privacy Act, absent an Order from this Court pursuant to § 552a(b)(11) of the Privacy Act, may need to be released and/or disclosed in discovery for the purpose of litigating this case. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use

STIPULATED PROTECTIVE ORDER
Case No. 2:21-cv-01651-JHC - 1

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1   extends only to the limited information or items that are entitled to confidential treatment under

2   the applicable legal principles, and it does not presumptively entitle parties to file confidential

3   information under seal.

4       2.   "CONFIDENTIAL" MATERIAL

5       "Confidential" material shall include the following documents and tangible things

6   produced or otherwise exchanged:

7       •   Any person's financial records, including tax returns;

8       •   Medical records and medical information;

9       •   Personnel and employment-related records of any current or former government

10  employee;

11      •   Documents related to any other current or former government employee's

12  protected activity; and

13      •   Any other records whose release without a protective order would potentially

14  violate the Privacy Act, 5 U.S.C. § 552a.

15      3.   SCOPE

16      The protections conferred by this agreement cover not only confidential material (as

17  defined above), but also (1) any information copied or extracted from confidential material; (2)

18  all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony,

19  conversations, or presentations by parties or their counsel that might reveal confidential material.

20      However, the protections conferred by this agreement do not cover information that is in

21  the public domain or becomes part of the public domain through trial or otherwise.

22      4.   ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

23      4.1   Basic Principles. A receiving party may use confidential material that is disclosed

24  or produced by another party or by a non-party in connection with this case only for prosecuting,

25  defending, or attempting to settle this litigation. Confidential material may be disclosed only to

26  the categories of persons and under the conditions described in this agreement. Confidential

27

STIPULATED PROTECTIVE ORDER
Case No. 2:21-cv-01651-JHC - 2

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1   material must be stored and maintained by a receiving party at a location and in a secure manner

2   that ensures that access is limited to the persons authorized under this agreement.

3       4.2     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise

4   ordered by the court or permitted in writing by the designating party, a receiving party may

5   disclose any confidential material only to:

6           (a)     the receiving party's counsel of record in this action, as well as employees

7   of counsel to whom it is reasonably necessary to disclose the information for this litigation;

8           (b)     the officers, directors, and employees (including in house counsel) of the

9   receiving party to whom disclosure is reasonably necessary for this litigation, unless the parties

10  agree that a particular document or material produced is for Attorney's Eyes Only and is so

11  designated;

12          (c)     experts and consultants to whom disclosure is reasonably necessary for

13  this litigation and who have signed the "Acknowledgment and Agreement to Be Bound"

14  (Exhibit A);

15          (d)     the court, court personnel, and court reporters and their staff;

16          (e)     copy or imaging services retained by counsel to assist in the duplication

17  of confidential material, provided that counsel for the party retaining the copy or imaging service

18  instructs the service not to disclose any confidential material to third parties and to immediately

19  return all originals and copies of any confidential material;

20          (f)     during their depositions, witnesses in the action to whom disclosure is

21  reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound"

22  (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of

23  transcribed deposition testimony or exhibits to depositions that reveal confidential material must

24  be separately bound by the court reporter and may not be disclosed to anyone except as permitted

25  under this agreement;

26          (g)     the author or recipient of a document containing the information or a

27  custodian or other person who otherwise possessed or knew the information.

STIPULATED PROTECTIVE ORDER
Case No. 2:21-cv-01651-JHC - 3

4.3     Filing Confidential Material. Before filing confidential material or discussing or referencing such material in court filings, the filing party shall confer with the designating party, in accordance with Local Civil Rule 5(g)(3)(A), to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. During the meet and confer process, the designating party must identify the basis for sealing the specific confidential information at issue, and the filing party shall include this basis in its motion to seal, along with any objection to sealing the information at issue. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal. A party who seeks to maintain the confidentiality of its information must satisfy the requirements of Local Civil Rule 5(g)(3)(B), even if it is not the party filing the motion to seal.  Failure to satisfy this requirement will result in the motion to seal being denied, in accordance with the strong presumption of public access to the Court's files.

5. DESIGNATING PROTECTED MATERIAL

5.1     Exercise of Restraint and Care in Designating Material for Protection. Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other

STIPULATED PROTECTIVE ORDER
Case No. 2:21-cv-01651-JHC - 4

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1    parties that it is withdrawing the mistaken designation.

2         5.2    Manner and Timing of Designations. Except as otherwise provided in this

3    agreement (see, *e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or

4    ordered, disclosure or discovery material that qualifies for protection under this agreement must

5    be clearly so designated before or when the material is disclosed or produced.

6              (a)    Information in documentary form: (*e.g.*, paper or electronic documents

7    and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial

8    proceedings), the designating party must affix the word "CONFIDENTIAL" to each page that

9    contains confidential material. If only a portion or portions of the material on a page qualifies for

10   protection, the producing party also must clearly identify the protected portion(s) (*e.g.*, by making

11   appropriate markings in the margins).

12             (b)    Testimony given in deposition or in other pretrial proceedings: the parties

13   and any participating non-parties must identify on the record, during the deposition or other

14   pretrial proceeding, all protected testimony, without prejudice to their right to so designate other

15   testimony after reviewing the transcript. Any party or non-party may, within fifteen days after

16   receiving the transcript of the deposition or other pretrial proceeding, designate portions of the

17   transcript, or exhibits thereto, as confidential.  If a party or non-party desires to protect

18   confidential information at trial, the issue should be addressed during the pre-trial conference.

19             (c)    Other tangible items: the producing party must affix in a prominent place

20   on the exterior of the container or containers in which the information or item is stored the word

21   "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection,

22   the producing party, to the extent practicable, shall identify the protected portion(s).

23        5.3    Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to

24   designate qualified information or items does not, standing alone, waive the designating party's

25   right to secure protection under this agreement for such material. Upon timely correction of a

26   designation, the receiving party must make reasonable efforts to ensure that the material is treated

27   in accordance with the provisions of this agreement.

STIPULATED PROTECTIVE ORDER
Case No. 2:21-cv-01651-JHC - 5

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges. Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Meet and Confer. The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

6.3     Judicial Intervention. If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

7.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that party must:

STIPULATED PROTECTIVE ORDER
Case No. 2:21-cv-01651-JHC - 6

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

        (a)    promptly notify the designating party in writing and include a copy of the subpoena or court order;

        (b)    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

        (c)    cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

## 8. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 9. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. The parties  agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

## 10. NON TERMINATION AND RETURN OF DOCUMENTS

Within 60 days after the termination of this action, including all appeals, each receiving party must return all confidential material to the producing party, including all copies, extracts

STIPULATED PROTECTIVE ORDER
Case No. 2:21-cv-01651-JHC - 7

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1    and summaries thereof. Alternatively, the parties may agree upon appropriate methods of

2    destruction.

3        Notwithstanding this provision, counsel are entitled to retain one archival copy of all

4    documents filed with the court, trial, deposition, and hearing transcripts, correspondence,

5    deposition and trial exhibits, expert reports, attorney work product, and consultant and expert

6    work product, even if such materials contain confidential material.

7        The confidentiality obligations imposed by this agreement shall remain in effect until a

8    designating party agrees otherwise in writing or a court orders otherwise.

9                    IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

10   DATED: May 16, 2023                    L.A. LAW & ASSOCIATES

11                                          _s/ Lawand Anderson_____
12                                          LAWAND ANDERSON, WSBA No. 49012
                                            22030 7th Ave. S., Ste. 103
13                                          Des Moines, WA 98198
                                            Phone: 206-817-0577
14                                          Email: lawand@lalaw.legal

15                                          _Attorney for Plaintiff_

16

17   DATED: May 16, 2023                    WILLIAMS, KASTNER & GIBBS PLLC

18                                          _s/ Sumeer Singla_____
19                                          SUMEER SINGLA, WSBA No. 32852
                                            601 Union St., Ste. 4100
20                                          Seattle, WA 98101
                                            Phone: 206-628-6600
21                                          Email: ssingla@williamskastner.com

22                                          _Attorney for Plaintiff_

23

24

25

26

27

STIPULATED PROTECTIVE ORDER
Case No. 2:21-cv-01651-JHC - 8

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1

DATED: May 16, 2023

NICHOLAS W. BROWN
United States Attorney

2

3

*s/ Erin K. Hoar*
ERIN K. HOAR, CA No. 311332

4

5

*s/ Rebecca S. Cohen*
REBECCA S. COHEN, WSBA No. 31767
Assistant United States Attorneys
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington  98101-1271
Phone:  206-553-7970
Fax:  206-553-4067
Email:  erin.hoar@usdoj.gov
Email:  rebecca.cohen@usdoj.gov

*Attorneys for Defendant*

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

STIPULATED PROTECTIVE ORDER
Case No. 2:21-cv-01651-JHC - 9

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

**ORDER**

PURSUANT TO STIPULATION, IT IS SO ORDERED

IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any documents in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law.

DATED:____May 16, 2023_____

_____
John H. Chun
United States District Judge

STIPULATED PROTECTIVE ORDER
Case No. 2:21-cv-01651-JHC - 10

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970